UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| FATARA MUHAMMAD on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>FERTITTA ENTERTAINMENT, INC.; LANDRY'S INC., MCCORMICK & SCHMICK RESTAURANT CORP., d/b/a MASTRO'S STEAKHOUSE, MASTRO'S RESTAURANTS, LLC, MASTRO'S HOUSTON LLC, TILMAN J. FERTITTA, STEVEN LEE SCHEINTHAL, RICHARD HOLDEN LIEM, or any other related individual or entity,<br><br>Defendants. | **Index No. 4:23-cv- 493**<br><br>**COLLECTIVE CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Fatara Muhammad, on behalf of herself and others similarly situated by their attorneys Leeds Brown Law, P.C. and Edwards Law Group, alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203, 206, and 216(b), New York Labor Law Article 19 § 663 *et seq.*, 12 NYCRR 146 ("NY Hospitality Wage Order) to recover, *inter alia*, unpaid minimum wages, overtime wages and wages owed to Plaintiff from Fertitta Entertainment Inc.; Landry's Inc.; McCormick & Schmick Restaurant Corp., d/b/a Mastro's Steakhouse; Even Par LLC; Mastro's Restaurants, LLC; Mastro's Houston LLC; Tilman J. Fertitta; Steven Lee Scheinthal; Richard Holden Liem; or any other related individual or entity ("Defendants").

2. Defendants Fertitta Entertainment Inc, Landry's Inc., Tilman J. Fertitta, Steven Lee Scheinthal, and Richard Holden Liem manage, control, own, and operate a number of restaurant

locations throughout the United States as part of the same Mastro's Restaurants enterprise, under the same corporate entities, under the same management, under the same policies and practices, and under the same brand name.

3.    Plaintiff worked at several of Defendants' locations including the locations in Texas, Florida, and New York. However, Plaintiff did not receive paystubs or any payment of wages with documentation, so the exact corporate entity and structure are not known to Plaintiff.

4.    Beginning in February 2017 and continuing through the present, Defendants have maintained a policy and practice of failing to pay any wages to Plaintiff, who was employed as a bathroom attendant.

5.    For a majority of Plaintiff's employment as a bathroom attendant she would perform work at Defendants' restaurants, be directed or controlled by Defendants' agents, and failed to receive any wage payments whatsoever for the work she performed on behalf of Defendants. Instead, she was paid entirely in tips left by customers.

6.    Upon information and belief, similarly situated individuals, including bathroom attendants at Defendants' Mastros' locations, were subject to the same degree of control by Defendants and its agents, and the same pay practices.

7.    Defendants' payment practices violate the FLSA and New York Labor Laws.

8.    Plaintiff has initiated this action seeking all compensation, including unpaid minimum wages and overtime under the FLSA and unpaid minimum wages, overtime, improper pay stubs and wage notices, and failure to pay wages and illegal deductions pursuant to the New York Labor Law and supporting regulations, which they were deprived of, plus interest, damages, attorneys' fees, and costs.

## THE PARTIES

9.      Plaintiff Fatara Muhammad is a resident of Greensboro, North Carolina, and has been employed by Defendants at Mastro's since approximately September of 2017 as a bathroom attendant. Plaintiff Fatara was assigned to work at Mastro's locations in Ft. Lauderdale, Florida, New York, New York, and Houston Texas.

10.     Plaintiff Fatara typically worked from 4:30pm through 11:30pm or 12:00 am depending on the day of the week. Plaintiff Fatara worked at the Ft. Lauderdale, Florida location from July 2018 through September 2018 and January 2020 through February 2020. At the Ft. Lauderdale location Plaintiff Fatara typically worked 3 days a week or between 21 and 22.5 hours per week. Plaintiff Fatara worked at the Houston, Texas location from December 2017 through January 2018, August 2020 through September 2020, and December 2021 through January 2022. At the Houston Mastro's, Plaintiff Fatara typically worked 4 days a week or between 28 and 31.5 hours per week. Plaintiff Fatara worked at the New York, New York location from September 2017 through December 2017, and September 2019 through October 2019. At the New York location Plaintiff Fatara typically worked seven days a week or between 49 and 52.5 hours per week. Plaintiff Fatara was never paid any wages for her work at Mastro's, except for tips left by customers. Throughout her employment Plaintiff Fatara was under the direction and control of Defendants and their agents.

11.     Upon information and belief, Defendant Fertitta Entertainment, is a domestic business corporation, with a principal place of business located at 1510 West Loop S, Houston, TX 77027-9505, and is engaged in the restaurant business.

12.     Upon information and belief, Defendant Landry's Inc. is a domestic business corporation, with a principal place of business located at 1510 West Loop S, Houston, TX 77027-

9505, and is engaged in the restaurant business.

13.    Upon information and belief, Defendant McCormick & Schmick Restaurant Corp., d/b/a Mastro's Steakhouse ("Mastro's"), is a foreign business corporation, with a principal place of business located at 1285 Avenue of the Americas, New York, New York 10019, and is engaged in the restaurant business. Defendant McCormick & Schmick may be served with process by serving Steven L. Scheinthal at 1510 West Loop South, Houston, TX 77027.

14.    Upon information and belief, Defendant Mastro's Restaurants, LLC, is a foreign business corporation, with a principal place of business located at 3000 NE 32nd Avenue, Fort Lauderdale, Florida, 33308, and is engaged in the restaurant business. Defendant Mastro's Restaurants, LLC may be served with process at C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

15.    Upon information and belief, Mastro's Restaurants, LLC is part of the broader Mastro's Steakhouse umbrella and is the individual entity established to operate the Mastro's Ocean Club Fort Lauderdale.

16.    Defendants Tilman J. Fertitta, Steven Lee Scheinthal, and Richard Holden Liem, have held themselves out as officers and operators of the defendant entity Mastro's Restaurants, LLC. Public records indicate that Defendant Fertitta is the President and Chief Executive Officer, Defendant Scheinthal is the Secretary, and Defendant Liem is an officer of that defendant entity.

17.    Upon information and belief, Mastro's Houston LLC, is a domestic business corporation, with a principal place of business located at 1650 W. Loop S, Houston Taxes 77027, and is engaged in the restaurant business. Upon information and belief, Mastro's Houston LLC is part of the broader Mastro's Steakhouse umbrella and is the individual entity established to operate the Mastro's Steakhouse Houston. Defendants Tilman J. Fertitta, Steven Lee Scheinthal, and

Richard Holden Liem, have held themselves out as officers and operators of the defendant entity Mastro's Houston LLC. Public records indicate that Defendant Fertitta is the President and Chief Executive Officer, Defendant Scheinthal is the Secretary, and Defendant Liem is an officer of that defendant entity.

18.     Upon information and belief Defendant Tilman J. Fertitta, Steven Lee Scheinthal, and Richard Holden Liem ("Individual Defendants") held themselves out as having control and authority over the restaurant facilities commonly known as "Mastro's Steakhouse" and the work performed in those locations.

19.     The Individual Defendants are the operators of the establishments known as "Mastro's Steakhouse."

20.     Upon information and belief, Defendant Tilman J. Fertitta is a resident of Texas and maintains his place of business at 1510 West Loop S, Houston, TX 77027-9505.

21.     Defendant Fertitta is, and at all relevant times was, an officer, director, president, vice president, and or owner of Fertitta Entertainment Inc, the chairman of Landry's Inc, and the CEO of McCormick & Schmick Restaurant Corp., Mastro's Restaurants, LLC, and Mastro's Houston LLC.

22.     Defendant Fertitta has held himself out publicly as the face, manager, and operator of the Mastro's chain, including Mastro's Steakhouse. For example, Defendant Fertitta was quoted as saying, "Mastro's is probably the most successful steakhouse in every city that it's in… If it's not number one, it's number two." Then went further to state, "You've got to understand. I operate from the old school. It's all about the customers and hospitality, and there are no spare customers.

How can I do something like that."[1]

23.     Defendant Fertitta has held himself out publicly that Mastro's Steakhouse is his hospitality business, he operates them, and he sets the policies in place over the location.

24.     In a 2018 press release, Mastro's Steakhouse announced that, "Tilman Fertitta opens world renowned Mastro's Steakhouse in Houston."[2] In that same press release, Mastro's Steakhouse represented that "Fertitta owns and operates all Mastro's Steakhouse's [sic]"

25.     According to a post on Indeed.com by a worker at Mastro's Steakhouse in Houston, TX, who detailed direct interactions with Defendant Fertitta, including that, "If you work in this industry, you should know [Fertitta's] reputation and he is worse in person than advertised. You can lose your job at any moment…"[3]

26.     Defendant Fertitta exercises control over the workers and work performed at the various Mastro's Steakhouse locations.

27.     According to Mastro's Steakhouse and Defendant himself, Defendant Fertitta is the owner and operator of the facility in which Plaintiff performed work.

28.     Defendant Fertitta refers to Mastro's Steakhouse as "my restaurant" and its workers as "my employees".

29.     Upon information and belief, Defendant Steven Lee Scheinthal is a resident of Texas and maintains his place of business at 1510 West Loop S, Houston, TX 77027-9505. Defendant Scheinthal is, and at all relevant times was, a director, treasurer, secretary, vice president, and or owner of Fertitta Entertainment Inc, director of Landry's Inc, director of

---

[1] https://houston.culturemap.com/news/restaurants-bars/06-04-21-mastros-ocean-club-the-woodlands-new-restaurant-tilman-fertitta-interview
[2] https://www.landrysinc.com/-/media/files/press-releases/landrysinc/2018/mastros_houston_opening_press_release.pdf
[3] https://www.indeed.com/cmp/Mastro's-Steakhouse/reviews

McCormick & Schmick Restaurant Corp. and the secretary of Mastro's Restaurants, LLC, and Mastro's Houston LLC.

30.     Defendant Scheinthal regularly speaks on behalf of Mastro's Steakhouse and its corporate entities – and Defendant Fertitta.

31.     Defendant Scheinthal holds himself out as an individual with authority to speak and act on behalf of the corporate entities including those that operate Mastro's Steakhouse in New York.

32.     Upon information and belief, Defendant Richard Holden Liem is a resident of Texas and maintains his place of business at 1510 West Loop S, Houston, TX 77027-9505. Defendant Liem is, and at all relevant times was, an officer, vice president, treasurer, and or owner of Fertitta Entertainment Inc and CFO of Landry's Inc. and an officer of Mastro's Restaurants, LLC, and Mastro's Houston LLC.

33.     Defendant Liem holds himself out as having control over or speaking on behalf of corporate entities owned or operated by Defendant Fertitta.[4]

34.     The Individual Defendants jointly control, manage, and operate the corporate entity Fertitta Entertainment Inc as directed by Defendant Fertitta, which owns and operates the entire Mastro's Steakhouse umbrella.

35.     The Individual Defendants hold themselves out to various entities, including Texas, Arizona, Florida, Illinois, New York, Massachusetts, Washington D.C., and California as the operators of the hospitality establishment known as Mastro's Steakhouse.

36.     Defendants jointly operated, managed, and controlled the restaurants and bars

---

[4] *See e.g.*, https://www.sec.gov/Archives/edgar/data/1815737/000121390021035185/ea143612ex99-1_fastacq.htm

commonly known as Mastro's Steakhouse (or similar branding) and are considered joint employers under the FLSA and New York law.

37.    Upon information and belief, the Individual Defendants are the primary shareholders of the corporate Defendant and are personally liable for violations of the FLSA and New York law.

38.    Defendant Fertitta publicly represents his primary and substantial ownership of Fertitta Entertainment Inc., which in turn operates Mastro's Steakhouse and its corporate entities.[5]

39.    While working for Defendants, Plaintiffs were regularly required to perform work for Defendants, without receiving proper minimum wages and overtime as required by applicable federal law and state law as well as state violations including failure to provide proper wage notices and paystubs and failure to pay all wages and illegal deduction under New York Law.

40.    Prior to the filing of this matter, the Plaintiff and the corporate defendants entered into a tolling agreement which was effective August 1, 2022 through November 30, 2022 as to FLSA and New York Labor Law Claims and September 14, 2022 through November 30, 2022 for other state law wage claims in Arizona, the District of Columbia, Florida, and Massachusetts.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
### <u>FEDERAL MINIMUM WAGE</u>

41.    Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and brings this claim on behalf of herself and all other similarly situated individuals.

42.    Pursuant to FLSA, 29 U.S.C. § 206 (1)(C), the applicable federal minimum wage is, and has been during the relevant period, $7.25 per hour.

---

[5] https://www.tilmanfertitta.com/ (explaining that he is the sole owner and CEO of Fertitta Entertainment, Inc. which owns Landry's. Inc. of which Mastro's Restaurants is a featured brand).

43.    Here, Plaintiff, and other similarly situated employees, were not paid any wages for hours worked at Defendants' Maestro's restaurants and therefore Defendants did not provide them with at least minimum wage of $7.25 per hour.

44.    Plaintiff worked at various Mastro's locations throughout the United States, including locations in Texas, Florida, and New York.

45.    Plaintiff, and similarly situated workers at these locations and others throughout the country, were never paid any wages from Defendants and only received tips from customers.

46.    Plaintiff received zero in wages from any Defendant during her tenure at Mastro's restaurant locations.

47.    Employers are entitled to take a tip credit against the federal minimum wage under § 203(m) of the FLSA, but in order to do so must ensure that certain conditions have been met, including that the employer must inform the employee of the tip credit provision of the FLSA.

48.    Here, Plaintiff was not informed by Defendants of the tip credit provision of the FLSA.

49.    Accordingly, Defendants did not meet the requirements to entitle them to take a tip credit against their employees' wages.

50.    Some nights Plaintiff did not receive enough in tips to equal $7.25 per hour.

51.    Therefore, because Plaintiff, and other similarly situated employees, received an hourly rate of less than $7.25 per hour, Defendants have violated the FLSA and are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
## <u>NEW YORK MINIMUM WAGE</u>

52.    Plaintiff Fatara repeats and re-alleges the allegations set forth in the preceding

paragraphs and brings this claim on behalf of herself and all other similarly situated individuals.

53.     Title 12 NYCRR § 146-1.1 required that "[e]very employer in the hospitality industry must pay to each employee…the minimum wage rates provided in this part." Title 12 NYCRR § 146-1.2 dictates that basic minimum hourly rate based on the nature of the employer, the size of the employer, and the physical location of the employer.

54.     Defendants are "large employers" within New York City and were thus required to pay the Plaintiff $15.00 per hour beginning on Dec. 31, 2018.

55.     Labor Law § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

56.     The minimum wage provisions of Article 19 of the Labor Law and the supporting New York State Department of Labor regulations including the Hospitality Wage Order apply to Defendants and protects Plaintiff.

57.     Defendants failed to pay all Plaintiff, and other similarly situated employees, minimum wages for all hours worked, in violation of Title 12 NYCRR §§ 146-1.1, 146-1.2 and Labor Law § 663.

58.     Plaintiff was not compensated with any wages during her employment. The only money received by Plaintiff was from tips left by customers.

59.     Defendants were ineligible to claim a tip credit under 12 NYCRR § 146-1.3 as to Plaintiff because (i) they failed to notify her, (ii) they failed to provide her with proper notice as required under that section and § 146-2.2, and (iii) they failed to ensure that she received all the tips they were owed.

60.     Plaintiff also failed to receive enough in tips to equal the minimum wage on some of their shifts working at Defendants' Mastro's restaurant locations.

61.     By the foregoing reasons, Defendants have violated Title 12 NYCRR §§ 146-1.1, 146-1.2 and Labor Law § 663, and are liable to Plaintiff in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

62.     Defendants' failure to pay any wages to Plaintiff, and other similarly situated employees, was willful.

63.     The Individual Defendants are personally liable for these violations, even if they are not deemed to be "employers" under the statutory provisions and case law, because they are shareholders or managers of the corporate entities.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY FEDERAL OVERTIME

64.     Plaintiff Fatara repeats and re-alleges the allegations set forth in the preceding paragraphs and brings this claim on behalf of herself and all other similarly situated individuals.

65.     Defendants are employers within the meaning contemplated pursuant to 29 U.S.C. § 203(d) and case law interpreting the same.

66.     Defendants are employers of Plaintiff and of all other similarly situated individuals.

67.     Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

68.     Plaintiff Fatara worked at the New York, New York Mastro's location from September 2017 through December 2017, and September 2019 through October 2019. At the New York location Plaintiff Fatara typically worked seven days a week and between 49 and 52.5 hours per week. Plaintiff Fatara was never paid any wages from Defendants including a premium for hours worked over 40.

69.     Consequently, by failing to pay Plaintiff, and other similarly situated employees, all their earned overtime compensation, Defendants violated 29 U.S.C. § 207.

70.     Upon information and belief, Defendants' failure to pay overtime compensation was willful.

71.     By the foregoing reasons, Defendants have violated 29 U.S.C. § 207, and are liable to Plaintiffs, and other similarly situated employees in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY NEW YORK OVERTIME

72.     Plaintiff Fatara repeat and re-allege the allegations set forth in the preceding paragraphs and brings this claim on behalf of herself and all other similarly situated individuals.

73.     The provisions of NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations, including 12 NYCRR Part 146, apply to Defendants and protect Plaintiff, and other similarly situated employees.

74.     Defendants are "employers," within the meaning contemplated pursuant to NYLL Article 6 § 190(3), NYLL Article 19 § 651(6), 12 NYCRR Part 146, and cases interpreting same.

75.     Plaintiff, and other similarly situated employees are "employees," within the meaning contemplated pursuant to NYLL Article 6 § 190(2), NYLL Article 19 § 651(5), 12

NYCRR § 146-3.2, and cases interpreting same.

76.    Defendants controlled the manner and method in which Plaintiff carried out her job duties.

77.    Pursuant to 12 NYCRR § 146-1.2(a)(1)(ii), "[t]he basic minimum hourly rate … shall be: $10.00 per hour on and after December 31, 2016, $11.00 per hour on and after December 31, 2017, $12.00 per hour on and after December 31, 2018, $13.00 per hour on and after December 31, 2019, $14.00 per hour on and after December 31, 2020, $15.00 per hour on and after December 31, 2021."

78.    Pursuant to 12 NYCRR § 146-1.4, "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

79.    Here, Plaintiff regularly worked in excess of 40 hours per week, yet Defendants failed to compensate her at an overtime rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a given week.

80.    For example, in 2017, Plaintiff Fatara typically worked seven days a week for approximately 7-7.5 hours per day (4:30pm through 11:30pm-12:00am). Plaintiff Fatara typically worked between 49-52.5 hours per week.

81.    Given that the minimum wage rate in 2017, 2018, and 2019 was $11.00, $13.00 and $15.00 per hour, the minimum legal overtime rate during such time was $16.50, $19.50, and $22.50 per hour respectively.

82.    Plaintiff, and other similarly situated employees, were not paid any wages from Defendants throughout the entirety of their employment, except for tips received directly from Defendant's customers.

83.     NYLL Article 19 § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

84.     Upon information and belief, Defendants' failure to pay overtime compensation was willful.

85.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.4 and NYLL Article 19 § 663 and are liable to Plaintiff, and other similarly situated employees, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:
## <u>WAGE THEFT NOTICE</u>

86.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and brings this claim on behalf of herself and all other similarly situated individuals.

87.     Pursuant to Labor Law Article 6 § 195(1)(a), "every employer shall: provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the

employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice…. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

88.     NYLL § 195(3) requires an employer such as Defendants to "furnish each employee with a statement with every payments of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hours worked, and the number of overtime hours worked…"

89.     Here, Plaintiff, and other similarly situated employees did not receive a notice in writing within ten business days of their first day of employment – or at any time thereafter – listing all required information, including the rates at which they were to be compensated and their regular pay day as designated by Defendants. This is commonly referred to as "time of hire" notice.

90.     Plaintiff did not receive proper pay stubs. This is commonly referred to as "paystub" notice.

91.     Plaintiff did not receive any checks or form of payment from Defendants, or any documents designating a rate of pay.

92.     Plaintiff only received tips directly from patrons at Defendants' restaurant.

93.     Labor Law § 198 provides for statutory damages for both the "time of hire" notice and the "paystub" notice up to the statutory cap.

94.     By the foregoing reasons, Defendants have violated Labor Law Article 6 § 195 and are liable to Plaintiff, and other similarly situated employees, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

95.     The Individual Defendants are personally liable for these violations, even if they are not deemed to be "employers" under the statutory provisions and case law, because they are shareholders or managers of the corporate entities.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS:
## FAILURE TO PAY WAGES & ILLEGAL DEDUCTIONS

96.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and brings this claim on behalf of herself and all other similarly situated individuals.

97.     Pursuant to NYLL Article 6, workers such as Plaintiff are protected from wage underpayments and improper employment practices.

98.     Pursuant to NYLL § 191 and the cases interpreting same, workers such as Plaintiff are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

99.     During Plaintiff's employment with Defendants, Defendant regularly failed to pay her and other similarly situated employees any earned wages, by failing to provide pay for all hours worked.

100.     Plaintiff Fatara typically worked between 49 and 52.5 hours per week at the New York Mastro's location and was never paid any compensation from Defendants. The only money Plaintiff Fatara ever received was tips left by Defendants customers.

101.     Upon information and belief, all other similarly situated employees were

16

compensated in the same manner.

102.    In failing to pay Plaintiff for all earned wages, Defendants violated NYLL § 191.

103.    Pursuant to NYLL § 193, "No employer shall make any deduction from the wages of an employee," such as the New York Plaintiffs, that is not otherwise authorized by law or by the employee.

104.    By withholding wages from Plaintiff pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions.

105.    By requiring Plaintiff to pay for their own products including mouthwash, gum, and other items that needed to be available in the bathroom, Defendants illegally deducted wages from Plaintiff and other similarly situated employees.

106.    By the foregoing reasons, pursuant to NYLL § 198, Defendants are liable to Plaintiff, and other similarly situated employees, in an amount to be determined at trial, plus interest, damages, and attorneys' fees and costs.

107.    The Individual Defendants are personally liable for these violations, even if they are not deemed to be "employers" under the statutory provisions and case law, because they are shareholders or managers of the corporate entities.

**WHEREFORE**, Plaintiff seeks the following relief:

(1)    on the first cause of action against Defendants in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs, pursuant to the cited FLSA and regulatory provisions;

(2)    on the second cause of action against the Defendants in an amount to be determined at trial, plus damages, interest, attorney's fees and costs, pursuant to the cited NYLL and regulatory provisions;

(3)    on the third cause of action against Defendants in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs, pursuant to the cited FLSA and regulatory provisions;

(4)    on the fourth cause of action against the Defendants in an amount to be determined at trial, plus damages, interest, attorney's fees and costs, pursuant to the cited NYLL and regulatory provisions;

(5)    on the fifth cause of action against the Defendants in an amount to be determined at trial, plus damages, interest, attorney's fees and costs, pursuant to the cited NYLL and regulatory provisions;

(6)    on the sixth cause of action against the Defendants in an amount to be determined at trial, plus damages, interest, attorney's fees and costs, pursuant to the cited NYLL and regulatory provisions; and

(7)    together with such other and further relief the Court may deem appropriate.

Dated:    Carle Place, New York
February 9, 2023

EDWARDS LAW
603 W. 17th St
Austin, TX 78701
Tel. 512-623-7727
Fax. 512-623-7729

By:    */s/ Jeff Edwards*                    
Jeff Edwards
State Bar No. 24014406
jeff@edwards-law.com
David James
State Bar No. 24092572
david@edwards-law.com
Paul Samuel
State Bar No. 24124463

paul@edwards-law.com

LEEDS BROWN LAW, P.C.

Jeffrey K. Brown (*pro hac vice to be filed*)
Anthony M. Alesandro (*pro hac vice to be filed*)
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrown@leedsbrownlaw.com
aalesandro@leedsbrownlaw.com


*Attorneys for Plaintiff*

# EXHIBIT A

# CONSENT TO JOIN FORM

1.    I, _____Fatara Muhammad_____, consent to be a party plaintiff in a lawsuit
against Defendant(s), ____Mastro's_____, and/or related entities and individuals in
order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. §
216(b).

2.    I hereby designate Leeds Brown Law, P.C. to represent me in bringing such
claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be
bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.    I also consent to join any other related action against Defendant(s) or other
potentially responsible parties to assert my claim and for this Consent Form to be filed in any
such action.

_____
Fatara Muhammad (Jun 28, 2022 16:11 EDT)
Signature

_____
Fatara Muhammad
Printed Name